UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.

DWAYNE MARQUELL JONES,
          *Defendant-Appellant.*

No. 01-4969

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.

KHINCEY NEVELL BARNES,
          *Defendant-Appellant.*

No. 02-4049

Appeals from the United States District Court
for the Eastern District of Virginia, at Alexandria.
James C. Cacheris, Senior District Judge.
(CR-01-250-A)

Submitted: June 6, 2002

Decided: June 20, 2002

Before WIDENER, NIEMEYER, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Michael S. Arif, MARTIN, ARIF, PETROVICH & WALSH, Spring-
field, Virginia; Christopher B. Amolsch, LAW OFFICE OF CHRIS-

TOPHER AMOLSCH, Alexandria, Virginia, for Appellants. Paul J. McNulty, United States Attorney, Morris R. Parker, Jr., Assistant United States Attorney, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

In these consolidated appeals, Dwayne Marquell Jones and Khincey Nevell Barnes appeal their convictions. Jones was convicted of conspiracy to commit carjacking in violation of 18 U.S.C.A. § 371 (West 2000); carjacking and aiding and abetting such carjacking, in violation of 18 U.S.C.A. §§ 2, 2119 (West 2000); using and carrying a firearm during and in relation to a crime of violence and aiding and abetting such use, in violation of 18 U.S.C.A. §§ 2, 924(c)(1)(A) (West 2000); possession of a firearm by a convicted felon, in violation of 18 U.S.C.A. § 922(g)(1) (West 2000); and transportation of a stolen vehicle, in violation of 18 U.S.C.A. § 2312 (West 2000). Barnes was convicted of aiding and abetting a carjacking in violation of 18 U.S.C.A. §§ 2, 2119. Jones contends the district court plainly erred by admitting testimony relating to a pretrial identification procedure using a photo array. Both Appellants contend the evidence was insufficient to support the convictions.

Because Jones did not object at trial to testimony about the pretrial photo identification, review is for plain error. Under the plain error standard, Jones must show: (1) there was error; (2) the error was plain; and (3) the error affected substantial rights. *United States v. Olano*, 507 U.S. 725, 732 (1993). If the three elements are met, we may exercise our discretion to notice the error only if the error "seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." *Olano*, 507 U.S. at 732 (internal quotation marks omitted).

Courts engage in a two-step analysis when a defendant challenges an identification procedure. First, the defendant "must prove that the identification procedure was impermissibly suggestive. Once this threshold is crossed, the court then must determine whether the identification was nevertheless reliable under the totality of the circumstances." *Holdren v. Legursky*, 16 F.3d 57, 61 (4th Cir. 1994) (citations omitted). If the court concludes the confrontation procedure was not impermissibly suggestive, the inquiry ends. *United States v. Bagley*, 772 F.2d 482, 492 (9th Cir. 1985); *cf. Harker v. Maryland*, 800 F.2d 437, 444 (4th Cir. 1986) (ending analysis after finding photographic array and show-up not impermissibly suggestive). If, however, the court finds the identification impermissibly suggestive, the court then determines whether under the totality of the circumstances, "there is 'a very substantial likelihood of irreparable misidentification.'" *Manson v. Brathwaite*, 432 U.S. 98, 116 (1977) (quoting *Simmons v. United States*, 390 U.S. 377, 384 (1968)). We find that the pretrial identification procedure using the photo array was not impermissibly suggestive.

We must affirm the convictions if there is substantial evidence, when viewed in the light most favorable to the Government, to support the verdict. *Glasser v. United States*, 315 U.S. 60, 80 (1942). In determining whether the evidence is substantial, we inquire as to whether there is evidence sufficient to support a finding of guilt beyond a reasonable doubt. *United States v. Burgos*, 94 F.3d 849, 862 (4th Cir. 1996). In evaluating the sufficiency of the evidence, we assume the fact finder resolved all contradictions in the evidence in the Government's favor. *United States v. Romer*, 148 F.3d 359, 364 (4th Cir. 1998). The fact finder, not the reviewing court, weighs the credibility of the evidence and resolves any conflicts in the evidence presented. *United States v. Murphy*, 35 F.3d 143, 148 (4th Cir. 1994). We find there was sufficient evidence to support the convictions.

Accordingly, we affirm the convictions and sentences. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*